**UNITED STATES of America, Appellee,**

v.

**Willie M. SCOTT, Appellant.**

**No. 77–1102.**

United States Court of Appeals, Eighth Circuit.

Submitted April 19, 1977.

Decided May 6, 1977.

Raymond Howard, Jr., St. Louis, Mo., filed brief for appellant.

Barry A. Short, U.S. Atty. and Ronald E. Jenkins, Asst. U.S. Atty., St. Louis, Mo., filed brief for appellee.

Before LAY, BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

Appellant Willie M. Scott was convicted by jury of ten counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 2.[1] The subject matter of the indictment was a check kiting scheme in which appellant and one Eddie Norman defrauded and obtained money by means of false and fraudulent pretenses from the Bank of Kirksville, Kirksville, Missouri, the Farmers Savings Bank, Wever, Iowa, and the Lee County Savings Bank, Fort Madison, Iowa. The indictment alleged that the appellant, for the purpose of executing the scheme, caused to be placed in an authorized depository for mail a letter addressed to the Continental Illinois National Bank and Trust Company, Chicago, Illinois, to be sent and delivered by the postal service. Appellant Scott raises two issues on this appeal: (1) whether the mail was used for the purpose of executing the scheme and (2) sufficiency of the evidence to prove that appellant used, or caused to be used, the postal service. We affirm.

It should be noted at the outset that appellant does not challenge the scheme to defraud the banks. Rather, appellant, relying on *United States v. Maze,* 414 U.S. 395, 94 S.Ct. 645, 38 L.Ed.2d 603 (1974), argues that because he and Eddie Norman received or were credited with the money at the time of the deposits made in person, any mailing of the checks by the banks for collection could not have been for the purpose of executing the scheme. This argument, however, fails to recognize the true nature of a check kiting scheme. Check kiting is an ongoing scheme which depends upon the delay in the check collection process. The use of the mails is an integral part of the continuing scheme to defraud. *See*

*United States v. Street,* 529 F.2d 226, 228–30 (6th Cir. 1976); *United States v. Shepherd,* 511 F.2d 119, 121–22 (5th Cir. 1975); *United States v. Strauss,* 452 F.2d 375, 380 (7th Cir. 1971), *cert. denied,* 405 U.S. 989, 92 S.Ct. 1252, 31 L.Ed.2d 455 (1972). Therefore, the check kiting scheme is distinguishable from the fraudulent credit card scheme in *Maze* where the Court was concerned that the scheme had reached fruition by the time the mails were used. Accordingly, we reject appellant's argument that the mail was not used for the purpose of executing the scheme and adhere to our position set forth in *United States v. Gross,* 416 F.2d 1205, 1212 (8th Cir. 1969), that check kiting is within the reach of the fraud statutes.

Appellant contends secondly that the government's evidence was insufficient to prove that he used, or caused to be used, the postal service. As this court stated in *United States v. Minkin,* 504 F.2d 350, 353 (8th Cir. 1974), *cert. denied,* 420 U.S. 926, 95 S.Ct. 1122, 43 L.Ed.2d 396 (1975):

> One who engages in carrying out a scheme to defraud is * * * responsible under § 1341 for a use made of the mail to effect a necessary or facilitating incident thereof where such use is from the nature of the business and the incident one of such ordinary course as to constitute a matter of natural expectability.

The record reveals that Ben D. Graves, a cashier employed by the Bank of Kirksville, testified "that we have to send these checks to our correspondent [Continental Illinois National Bank and Trust Company, Chicago, Illinois] for collection and we were sending them by mail, and I don't know of any other way they would have gotten there." Taking this substantial evidence in the view most favorable to the government and accepting as established all reasonable inferences from the evidence that tend to support the action of the jury, *United States v. Frazier,* 545 F.2d 71, 74 (8th Cir. 1976), we conclude that there was sufficient evidence

---

1. Appellant was sentenced by the Honorable James H. Meredith, Chief Judge, United States District Court for the Eastern District of Mis-

souri, on each count to two years in the custody of the attorney general, the sentences to run concurrently.

to establish that appellant used, or caused to be used, the postal service.

Affirmed.